# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

DANIEL TURNER, JR.              CIVIL ACTION

VERSUS

ARDIE SCOTT, III            NO.: 18-00998-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 2)** filed by Defendant. Plaintiff did not file a response. For the reasons stated herein, the motion is **GRANTED.**

## I.    BACKGROUND

On October 3, 2018, *pro se* Plaintiff filed a Petition for Protection from Stalking or Sexual Assault in the 19th Judicial District Court. On November 5, 2018, Defendant removed the action to federal court. (Doc. 1). Plaintiff is employed by the United States Postal Service ("USPS") facility in Baton Rouge, Louisiana as a clerk. Defendant is a supervisor at the same facility.

Plaintiff alleges that Defendant harassed him at work on two separate occasions. First, he claims that Defendant harassed him on October 1, 2019 by directing him to clear a full stacker machine in order to allow mail to continue processing. Plaintiff claims that he felt uncomfortable because Defendant "showed no signs of backing away." (Doc. 1-2 at p. 4). Second, Plaintiff asserts that on July 2, 2018, Defendant struck Plaintiff with his forearm as "Plaintiff was trying to get around Defendant" at work. (*Id.*)

Plaintiff seeks a temporary restraining order prohibiting Defendant from harassing him, contacting him, approaching him, coming to work at USPS, and damaging any of Plaintiff's belongings. Defendant contends that the Court does not have subject matter jurisdiction in this case because Plaintiff's lawsuit is barred by sovereign immunity. (Doc. 2-1 at p. 1).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim is " 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). To "prevent[ ] a court without jurisdiction from prematurely dismissing a case with prejudice," a court should consider a Rule 12(b)(1) motion for lack of subject-matter jurisdiction before addressing any motions that concern the merits of a case. *Id.* at 286–87 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That standard seeks to determine whether "a complaint ... contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S.

at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

### A. Is Sovereign Immunity Applicable?

Defendant asserts that Plaintiff's suit is a suit against the United States and is therefore barred by sovereign immunity. The United States Government is cloaked with sovereign immunity from suit unless it expressly waives such immunity. *United States. v. McLemore*, 45 U.S. 286, 288 (1846). Moreover, officers of the United States acting "in pursuit of their official duties remain protected by sovereign immunity." *Williamson v. United States Dept. of Agriculture*, 815 F.2d 368, 380 (5th Cir. 1987). Here, Plaintiff brings suit against Defendant in his official capacity as a U.S. postal worker. This matter relates directly to Defendant's performance of his duties as Plaintiff's supervisor at a federal facility. Accordingly, Plaintiff's claim is subject to sovereign immunity.

### B. Did the United States Waive Sovereign Immunity?

The Court must next determine whether the United States has waived sovereign immunity. The United States Court of Appeals for the Fifth Circuit has not addressed whether an individual can bring suit against a USPS worker for injunctive relief. However, the United States Court of Appeals for the Fourth Circuit has addressed a set of facts nearly identical to Plaintiff's case. *Hendy v. Bello*, 555 Fed. Appx. 224, 228 (4th Cir. 2014) (holding that a USPS employee's petition for a

restraining order against her coworker was barred by sovereign immunity). The Fourth Circuit identified two possible sources of waiver: the Federal Tort Claims Act (FTCA) and the Postal Reorganization Act (PRA). *Id.*

As was the case in *Hendy*, the FTCA is inapplicable here because it only waives sovereign immunity for suits seeking money damages. Because Plaintiff seeks injunctive relief, the FTCA cannot provide a waiver. 28 U.S.C. § 1346(b).

The PRA authorizes USPS to "sue and be sued in its official name." *Id.* However, the "sued and be sued" clause does not waive sovereign immunity (1) for types of suits that are not consistent with the USPS's statutory or constitutional scheme, (2) when necessary to avoid grave interference with the performance of a governmental function or (3) for other reasons that demonstrate congressional intent to apply the "sue and be sued" clause narrowly. *Loeffler v. Frank*, 486 U.S. 549, 554–55 (1988) (quoting *Fed. Housing Administration v. Burr*, 309 U.S. 242, 245 (1940)).

Again, the Court adopts the reasoning articulated in *Hendy* and concludes that the first two exceptions to waiver under the PRA are applicable here. Plaintiff seeks a state law injunction barring Defendant from working near him. It is "inconsistent with the principle of federal supremacy to allows such interference with the performance of a federal employee's duties." *Id.* at 226. Moreover, prohibiting Defendant, a USPS employee, from working would necessarily interfere with the governmental function of the USPS. As such, the Court concludes that Plaintiff's lawsuit is barred by sovereign immunity.

IV.   **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 2)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

Baton Rouge, Louisiana, this _8th_ day of August, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**